## William B. Phillips *et al.*

### *v.*

## Charles D. Webster *et al.*

1. Pleading and Evidence—*whether evidence has its foundation in the pleadings.* In an action by the assignee of a promissory note, against the assignor, where the insolvency of the maker is alleged as the ground for a recovery, evidence of the appointment of a receiver of the maker and his possession of the maker's property, is admissible without any allegation in the pleadings to that effect, it not being necessary to plead the evidence, but only the facts.

2. Evidence—*to prove insolvency of maker of note.* In a suit by the assignee, against the assignor of a note, an allegation of the insolvency of the maker, as an excuse for want of diligence by suit, is *prima facie* established by the return of executions, in other cases against the maker, "*nulla bona.*"

3. Same—*decree without placita.* Where the copy of a decree shows in what court it was rendered, and by what judge, and jurisdiction of the parties, in a case where the court has jurisdiction of the subject matter, it is admissible in evidence for a collateral purpose, although no *placita* appears. A complete transcript of the record is not necessary in such a case, the suit not being upon the decree.

4. Same—*clerk's certificate as to record of decree.* If a decree is certified by the clerk of the court as the decree of the court, in a particular case, as appears by the record, the same is admissible in evidence, the certificate being made evidence by statute.

5. Same—*certificate to decree—its sufficiency.* The fact that the clerk of a circuit court, in certifying to a decree, identifies the cause by using the initials of the name of the defendant corporation, is no valid objection to its admission as evidence, where proof is made of the meaning of such initials, or where, from other words in the certificate, reference is made to the cause mentioned in the decree, in the caption whereof the name of the company is apparent.

6. Assignment—*liability of assignor.* Where it is shown that a suit at law, against the maker of a note, at its maturity and since, would have been unavailing, a right of recovery in the assignee against the assignor is established. A resort to a court of equity by the assignee against the maker is not necessary to charge the assignor.

Appeal from the Circuit Court of Champaign county; the Hon. C. B. Smith, Judge, presiding.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Judgment was recovered by appellees, against appellants, in the court below, in an action of assumpsit, on account of the liability of the latter to the former as assignors of a certain promissory note executed by the Indianapolis, Bloomington and Western Railway Company.

The ground of liability, as alleged in the declaration, is, that at the time the note matured the railroad company was insolvent, and, by reason thereof, a suit against it would have been unavailing.

Evidence was given on the part of appellees of the return of executions issued in a number of other cases, before the maturity of the note, to the sheriff of the county in which this suit was brought, unsatisfied.   To rebut the presumption of insolvency thus established, appellants gave in evidence certain deeds for real estate to the railroad company, and proved its possession of a railroad track and its equipment. Appellees then gave in evidence the record of certain mortgages or deeds of trust, embracing its franchise and property, to secure the payment of its bonds to the amount of several millions of dollars, executed by the company long prior to the maturity of the note; and, also, proved that the railroad and other property of the company was, at the maturity of the note, in the possession and control of a person claiming to act as receiver; and gave in evidence a bill in chancery against the company, praying the appointment of a receiver, and a decree thereon of the DeWitt circuit court appointing the person who was acting as such to be the receiver of the company, with the powers usually conferred upon receivers.

The objection that the evidence of the appointment of the receiver was inadmissible, because there was no allegation to that effect in the declaration, is not tenable.   This is but the evidence of a fact, and it is never necessary in pleading to state that which is merely matter of evidence.   Stephen on Pleading, (9th Am. Ed.) 341–2.

The allegation was, insolvency of the maker at the maturity

of the note, and this was, *prima facie*, established by the return of the executions "*nulla bona.*" Appellants' evidence of property tended to overcome that evidence, but the evidence of the appointment of the receiver, and his possession, rebutted appellants' evidence and sustained the returns of "*nulla bona.*"

It is insisted the decree appointing the receiver was inadmissible, for two reasons—first, it has no *placita*, and second, it is not properly certified. The decree shows that it was rendered in the DeWitt circuit court, on the 18th day of November, A. D. 1874, by Lyman Lacey, judge of the 17th judicial circuit of Illinois. It shows jurisdiction of the parties, and the law gave jurisdiction of the subject matter; and it professes to be an order and decree of the circuit court of De Witt county. We do not think a complete transcript of the record was indispensable for the purpose for which this evidence was offered. The suit is not upon the decree, but the decree is in evidence for a collateral purpose only. Sufficient appears to show that the record is a record of the circuit court of De Witt county; that the court had jurisdiction of the persons in the cause, and we take notice that it had jurisdiction of the subject matter, and all of the record that affects the question upon which it was offered in evidence is presented. This, even in the case of foreign records, has been held sufficient. *Packard* v. *Hill*, 7 Cowen, 443, and the same case again, in 5 Wendell, at p. 391.

The decree is certified by the clerk of the court, as the decree of the court in that particular case, as appears of record, and his certificate is made by the statute sufficient evidence of what it here attests. Rev. Stat. 1874, p. 490, sec. 13. From the recitals of the decree and the clerk's certificate, we are bound to conclude the court was properly convened; and we know of no authority, where a complete transcript of the entire record is not required, which would sanction our ruling that this was insufficient.

The objection urged to the certificate is, in identifying the cause, the initials of the railroad company, only, are used.

This is obviated by proof of what these initials mean; but if it were not, we think the certificate would still be sufficient. From other words in the certificate, it is clear that it refers to the cause mentioned in the decree, in the caption whereof the name of the company is spelled out in full.

The objections urged in regard to the giving, refusing and modifying of instructions are, in our opinion, without substantial merit.

Had the sheriff undertaken to have deprived the receiver of the custody of the property, he would have been in contempt of the De Witt circuit court. *Richards* v. *The People,* 81 Ill. 551. His return of the executions unsatisfied, for want of property, was, therefore, the only course that was left to him. The return was true, and this being so, there was no necessity that appellees should institute suit against the railroad company. At law, the suit must have been unavailing, and they were under no obligation to go into a court of chancery. *Bledsoe* v. *Graves,* 4 Scam. 382; *Booth* v. *Storrs et al.* 54 Ill. 472.

Substantial justice is done by the judgment, and it must be affirmed.

*Judgment affirmed.*