MARTHA A. WALKER

v.

JOHN W. DOANE.

*Filed at Ottawa November 20, 1883.*

1. SET-OFF—*in equity—rents and profits against dower—insolvency.* Dower was allowed a widow in the homestead premises at $350 a year, payable quarterly, on her petition for dower in these and other lands, the decree not preserving her homestead estate. The homestead property was, under a decree of court, sold and conveyed by the administrator of the estate of her deceased husband to a purchaser, subject only to such lien thereon for dower, and the widow refused the possession of the homestead to the purchaser, its rental value being at least double the yearly dower assessed to her, which rents she received, but suffered the taxes to accumulate on the property, and it to go to sale. The widow was insolvent: *Held*, on bill by the purchaser at the administrator's sale for possession and for an equitable set-off, that a decree charging the widow with the value of the use of the premises from the date of the administrator's deed until surrendered to the purchaser, and for taxes paid out by the purchaser, except those which were a lien on the land at the administrator's sale, and providing that if not paid within a certain time the value of the use of the premises and the taxes paid should be set off against the dower due the widow on the same premises, discharging them from the lien for its payment as far as the amount found against the widow might go, was equitable and proper.

2. SAME—*equitable.* Where there is anything peculiar in a case, so as to render it impossible for exact justice to be done by a court of law under the statute, a court of chancery will afford relief through the medium of an equitable set-off. The insolvency of the defendant holding an incumbrance for a yearly allowance in lieu of dower on property bought by the complainant, who is wrongfully kept out of possession by the defendant, affords jurisdiction to a court of equity to apply complainant's damages in discharge of the incumbrance *pro tanto.*

3. DOWER—*power of court to decide widow's right to occupy homestead until dower is assigned in all the lands.* Where a widow files her bill or petition for the assignment of her dower in all the lands left by her husband, the court is thereby invested with jurisdiction to pass upon whatever rights she may have in the homestead property, including the right to occupy it until her dower is assigned in all the lands.

4. SAME—*effect of decree on widow's future right to occupy the homestead.* A decree on the bill of a widow giving her dower in the home place and in some other tracts, without providing for her future occupancy of the

home property until dower is assigned in all the lands of which her husband died seized, is conclusive against her, and she can not be heard to insist upon any rights with respect to the property not secured by the decree itself.

5. SAME—*severance by reversal of decree as to part of lands.* Where a decree entered in a cause giving a widow dower in each of several tracts of land is, on appeal, reversed as to one tract and affirmed as to the other lands, this will amount to such a severance that the part of the decree which is affirmed, and the dower allotted thereby, will no longer depend upon or be affected by the decree to be rendered as to the other tracts.

6. EVIDENCE—*records of court—party not bound to introduce any more than relates to the issue.* A party, for the purpose of proving the contents of a petition, decree, etc., in a proceeding by a widow for dower, instead of producing a certified copy of the entire record produced the originals, one at a time, and offered them in evidence, to which objection was made, and over-ruled: *Held,* that the evidence was properly admitted, it being unnecessary to introduce any more of the record than affected the question at issue. The other party might, in such case, offer any part important to his or her interest.

7. SAME—*relevancy—facts not affecting parties' interests or rights.* The reversal of the part of a decree affecting one piece of property and the affirmance of the part affecting another tract which is the principal subject of the litigation, creates such a severance of the former unity of the decree and proceedings as that thereafter those relying on the one part will not be chargeable with the consequences resulting from the other part, and there-fore in a contest between the dowress and a purchaser at administrator's sale of the tract as to which the decree of dower was affirmed, proof that such purchaser is in possession of the other tract is irrelevant and immaterial.

8. RES JUDICATA—*matters decided on first appeal conclusive on second appeal.* A second appeal in the same case, where the decision of reversal and remandment on the first appeal covers the merits of the controversy in all its bearings, brings before this court only the subsequent proceedings had after the mandate of this court has been sent down.

9. ADMINISTRATOR'S SALE—*subject to proceeding for dower.* During the pendency of a widow's petition for dower in various pieces of land, the administrator of her deceased husband's estate applied for an order to sell one of the tracts or lots to pay debts, making the widow a party. She answered, setting up no defence or claim except that which she was seeking to enforce through her petition for dower, and the administrator's sale was made subject to her right of dower: *Held,* that the purchaser at the admin-istrator's sale became simply bound to abide by the decree giving her dower, whatever it might be.

10. APPEAL—*only suspends judgment or decree—does not vacate.* An appeal from a decree does not vacate the same or destroy its lien, but merely suspends its operation or execution, and where the decree is affirmed it stands for all purposes just as if no appeal had been taken.

11. HOMESTEAD—*when assignment of dower is a release of.* If dower is allotted out of other lands beside the homestead, the acceptance of such allotment is a waiver and release of the estate of homestead of the person entitled to dower, and his or her children, unless it be otherwise ordered by the court. Dower assigned on a party's own petition must be regarded as accepted.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding.

Messrs. ISHAM, LINCOLN, BURRY & RYERSON, for the appellant:

Complainant has a complete remedy at law by an action of ejectment. The dower decree did not impliedly cut off the right of quarantine. For the purpose of showing the effect of a failure in a decree to protect the right, we refer to *Asher* v. *Mitchell,* 92 Ill. 481; *Leopold* v. *Krause,* 95 id. 441; *Switterlin* v. *Connecticut Mutual Life Ins. Co.* 90 id. 484. See, also, *Toledo, Peoria and Warsaw Ry. Co.* v. *Curtenius,* 65 Ill. 120.

But if, as appellee contends, the widow's dower has been assigned, or her quarantine has expired, the heir or his assigns may maintain ejectment against her, and it is the proper remedy. 2 Scribner on Dower, 31; *Jackson* v. *O'Donoghy,* 7 Johns. 247.

Courts of chancery in this State have no jurisdiction in suits to recover possession of land held adversely. Such relief is only granted when incidental to the main object of the bill. (*Green* v. *Spring,* 43 Ill. 280.) Neither is there any matter of account involved in this case such as will call for interference by a court of chancery. There are no mutual or cross-accounts between the parties. The account must be very complicated before chancery will entertain such jurisdiction. *Craig* v. *McKinney,* 72 Ill. 312.

If the decree in this case is allowed to stand, then certainly the widow is deprived of a homestead right which even the

second opinion filed intimates can not be lost by any of the circumstances which are taken as true in that opinion, and which are there held to be sufficient to waive and defeat quarantine.   Homestead and dower rights may both exist in the same tract of land.   (*Walsh* v. *Reis,* 50 Ill. 477; *Peyton* v. *Jeffries,* id. 148.)   They ought, therefore, both to be set off to the appellee, before possession is taken from her. *Montague* v. *Selb,* 106 Ill. 49.

Mr. W. H. MOORE, and Messrs. PADDOCK & ALDIS, for the appellee:

This court having settled the law upon the facts alleged in the bill and discussed in the case cited below, the only proposition that need be maintained by the appellee is, that the facts proven at the hearing support all, or a sufficient part, of the material allegations of the bill, and justify the decree complained of.   We submit that such facts were so proven, and that they so sustain the decree.    *Doane* v. *Walker,* 101 Ill. 628.

It was held by this court that the widow was concluded by the decree of dower, and that it impliedly cut off her rights in the premises not affirmatively preserved in the decree, and that Doane was right in relying upon it.   A decree not reversed, so far as the rights of purchasers under it are con- cerned, must be taken in law to be in force.   It is true that the right to final process on a decree may be temporarily suspended by an appeal.    Where, on the appeal, the decree is affirmed, the rights of all parties stand as if no appeal had been taken.

Various other points were made upon the facts of the case, and in reply to appellant's counsel.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This case was before us at our March term, 1882, on the appeal of the complainant (the present appellee) from a judg-

ment of the Appellate Court for the First District, affirming
the decree of the Superior Court of Cook county. The ques-
tions then considered arose upon demurrer to the bill, and our
judgment reversed that of the Appellate Court. Reference
may be made to the report of the case as published, under
the title of *Doane* v. *Walker*, 101 Ill. 628, for a full statement
of the allegations of the bill and the questions discussed and
decided at that time.

After the cause was remanded to the Superior Court of
Cook county, the defendant in the bill (the present appellant)
answered the bill, putting in issue all its material allegations.
The cause came on thereafter to a hearing, and the Superior
Court, by its decree then made, found all the material allega-
tions of complainant's bill true, and that the equities therein
are with the complainant; that defendant has, without right,
since the date of the administrator's deed, withheld from
complainant the possession of the Ellis avenue property; that
complainant, by virtue of the decrees in the dower proceed-
ing, was entitled to the possession of the premises, as against
the defendant, since the date of the deed, and held them in
fee simple, except as to the dower allowance of $350 per
annum, payable quarterly, as provided by the decree; that
the dower decree is still in force and unreversed as to the
Ellis avenue property; that defendant is insolvent, and has
permitted waste on the premises, as alleged in the bill, and
failed to pay taxes, and therefore ordered that defendant sur-
render possession of the premises to complainant, and in de-
fault of such surrender that complainant be entitled to a writ
of assistance upon application to the court, and such further
order as may be required to put him in possession. The
court thereby further found that complainant was entitled to
an accounting for occupancy, taxes and waste, and thereupon
decreed that the amount so to be found due be set off against
the dower allowance to make his title clear from the cloud
of arrears of dower under the dower decree, and that it be

referred to a master in chancery to take an account between the parties, giving credit to the defendant at the rate of $350 per year from October 15, 1878, (the date of the administrator's deed,) and to charge against defendant the value of the use of the premises since said October 15, 1878, and until they are surrendered to complainant, and all taxes and assessments accruing since the date of the administrator's deed are paid by complainant, charging against defendant the proportion equitably chargeable to her; and also that the master report all damages by reason of waste.

At a subsequent day the master made his report in writing to the court. In it he reports, in substance, thus: He finds that complainant has paid out since the date of the administrator's deed, for taxes, the sum of $3517.78, of which he charges the defendant with the payment. He therein charges the defendant with the payment of $1050 as the yearly value of the use of the premises, and he adopts this estimate because it is the amount fixed by the verdict of the jury in the dower proceedings. He does not charge the defendant with any special taxes and assessments paid by complainant, because the work of improvement which such taxes and assessments were levied and collected to pay for, have contributed to the permanent advantage of the property. He does not charge the defendant with the taxes of 1878, because they were a lien on the property when the complainant purchased. He does not charge the defendant with waste, because, in his opinion, the evidence fails to sustain that charge. Exceptions to this report were filed by both parties before the master, and they were all overruled by him. They were renewed in the Superior Court, and all—except one by the complainant, which is of no importance in the consideration of the questions discussed in the argument of counsel,—overruled, and the court thereupon decreed, in accordance with the report of the master, as approved, that the defendant pay to the complainant $4344.39; that in default of such payment

said sum stand and be set off as to the quarterly allowance
for dower accruing to defendant from the Ellis avenue prop-
erty, at the rate of $350 a year.   The decree of the Superior
Court, on appeal to the Appellate Court for the First District,
was in all things affirmed.   We are now asked to reverse that
affirmance.

When the case was here before (*Doane* v. *Walker, supra,*)
we held that a court of equity had jurisdiction to effect the
set-off prayed of a part of the rental value of the property
against and in discharge of such of the installments of dower
as were then due, and the residue against and in discharge
of such as should thereafter become due, until the same
should be exhausted, upon the ground of the allegations that
during the time the premises were unlawfully detained by
the defendant the rental value of the property amounted to
double her claim for dower, and she was insolvent.   There
was, also, it is true, an allegation of waste referred to and
treated as a ground of equitable jurisdiction, but that of
set-off, on the grounds above stated, was held, of itself, to be
amply sufficient for that purpose, and it was dwelt upon in
the opinion as the most satisfactory.   After quoting from
Bispham's work on Equity Jurisprudence, to the effect that
in cases of set-off, "where there is anything peculiar in the
case, so as to render it impossible for exact justice to be done
by a court of law under the statutes, a court of chancery
will afford relief through the medium of an equitable set-off,"
we said:   "That the present case falls directly within the
rule here announced there is, in our judgment, no just reason
for doubt.   *   *   *   To recover a judgment at law against
her would not place him in any better position than he now
is,—his estate would still be incumbered with the lien for
unpaid dower.   The relief which is indispensable to him is
to have such an adjustment of their respective claims as will
result in the removal of this incumbrance from his estate,
and this can only be enforced in a court of equity."

At the same time, upon the main question on the merits, namely, whether the defendant was liable to the complainant for the use and occupation of the premises from the date of his deed, we held that the court, by the defendant's bill to assign dower, acquired jurisdiction to pass upon whatever rights she had in this property, including the right to occupy it until her dower was assigned in all the lands of which her husband died seized, and that consequently, the court having entered a decree in the cause without therein providing for her future occupancy of the property, and without having therein postponed its operation till that event, she is concluded by its provisions, and can not be heard to insist upon any rights with respect to the property that are not secured by the decree itself; that the appeal from that decree did not vacate it, but simply suspended its operation, and when, by the judgment of the Appellate Court, so much of the decree as related to this and certain other property was affirmed, and so much as related to the Fort Dearborn property was reversed and remanded, there was such a severance that the decree with respect to this property was no longer dependent upon, nor to be affected by, the decree relating to the Fort Dearborn property, and necessarily that the decree with respect to this property was final and conclusive upon the rights therein of the defendant, wherefore she was liable to the complainant for use and occupation from the date of his deed, the decree for the payment of dower to her on account of this property having been rendered, and the first installment thereof being due, prior to the date of his deed.

We have given the evidence preserved in the record a thorough and careful examination, and we are of the opinion therefrom that the evidence sufficiently sustains the material allegations of the bill. The reasonable conclusion from the evidence is, that the use and occupation of the property is worth the amount found by the master; and that Mrs. Walker is and was insolvent, the evidence, though not excluding all

doubt, unquestionably preponderates. It is unnecessary to recapitulate the evidence at length, or to make further comment upon it.

The bill filed by Mrs. Walker for the assignment of dower, and all the proceedings thereunder up to and including the decree thereon, were in the same court in which this suit was instituted and tried,—*i. e.*, the Superior Court of Cook county. Accordingly, upon the hearing herein, Doane, by his counsel, for the purpose of proving the contents of the petition, decree, etc., instead of producing a certified copy of the entire record, produced the originals, one at a time, and offered them in evidence. Mrs. Walker's counsel objected to each and all of them, upon the ground that proof should be made of the entire record, and not of parts of it. The objection was overruled, and the originals were read in evidence, as offered. The objection is still pressed that this evidence was not competent, on the ground of the objection urged at the hearing. We think the evidence was properly admitted. It was unnecessary to introduce any more of the record than affected the question at issue. (*Phillips et al.* v. *Webster et al.* 85 Ill. 146.) The existence of the petition and the decree was alleged in the bill and admitted in the answer. There was no question respecting jurisdiction, and the only question was, what was by the petition put in issue, and what was the decree therein? The files and records introduced were proved beyond doubt to be the originals alluded to in the bill and answer, and none other.

Counsel say, if the whole record had been introduced it would have appeared that the dowress never acquiesced in the decree, but assigned cross-errors therein as to this very homestead property, etc. It may be answered, first, that if any part of the record not introduced by Doane had been deemed important to the interests of Mrs. Walker, she should have offered it in evidence herself; second, that we are unable to perceive how any importance can be attached to the cir-

cumstance whether Mrs. Walker did or did not assign cross-errors in the Appellate Court in respect of so much of the decree as affected this property. The transcript of the record of the Appellate Court clearly shows no such errors were regarded by that court, for it shows the court affirmed so much of the decree as affected this property. We have at no time laid any stress upon the question whether this decree was such an one as Mrs. Walker desired. We have rested our opinion upon the fact that instead of being satisfied to enjoy the right of quarantine until her dower was assigned by the heir, as provided by statute, she, herself, instituted proceedings to have dower assigned in this and other property, and thereon obtained a decree that there be paid her, on account of her right of dower in this property, $350 yearly, in quarterly installments, commencing on the 21st of May, 1878, (several months before the sale at which Doane purchased,) and for the non-payment of any of these installments the property is to be sold, and that by the affirmance of this part of the decree, and by the reversal of that part relating to the Fort Dearborn property, there was such severance as relieves any parties interested in this property from all consequences that may result from the part of the decree relating to that. The same order was observed in introducing the records of the petition, decree, etc., in relation to the administrator's sale at which Doane purchased, and like objection was urged, and a like answer must be given.

It is said, if the whole record had been introduced with reference to that decree and sale it would have appeared that Doane also bought the Fort Dearborn property. If it was deemed important to the interests of Mrs. Walker to prove this, we can perceive no reason why her counsel did not, themselves, introduce that part of the record. Evidence was subsequently offered by the counsel of Mrs. Walker to prove that Doane was then in the possession and control of the Fort Dearborn property,—not that he bought it at the

administrator's sale,—but this was, as we think, properly excluded. If, as we held before, the reversal of the part of the decree affecting that property, and the affirmance of that part affecting this, created such a severance of the former unity as thereafter those relying upon the one part were not chargeable with the consequences resulting from the other part, then it can be of no importance here who became the purchaser of the Fort Dearborn property. The dower decree, and its effect upon the rights of parties, must stand or fall by matters appearing of record, and not by the accidental circumstance of who may have subsequently become the owner of the property on account of which the dower was allowed, and against which the payment of its installments is made chargeable.

The real point and *gist* of the very able and ingenious argument filed by counsel for Mrs. Walker, is directed, though covertly, against our former opinion. We are not convinced there is any substantial error in any of its positions, but the question whether we were then right is not now before us. In *Newberry* v. *Blatchford et al.* 106 Ill. 584, we held, where there is a second appeal in the same case, and the first decision covers the merits of the controversy in all its bearings, it brings before us only the subsequent proceedings had after the mandate of this court had been sent down. Some little matters of makeweight were thrown in as aids to argument, or as illustrations, in the original opinion, which have not been literally proved, but they were unimportant. The decision did not turn upon any question of whether acts of Mrs. Walker, disconnected from the records, referred to in the pleadings and offered in evidence upon the hearing, affected the action of Doane; and the record now before us shows precisely the same records, and the connection of Mrs. Walker therewith, as the former record did. Mrs. Walker petitioned for the assignment of dower in the property whereof her husband died seized. There is no proof that she was entitled

to dower in any other at that time, and she is entitled to no presumption in that regard.    That petition included the property in which her husband had his homestead at the time of his death.    We conceive the reasons which actuated her to file this petition wholly unimportant.    The act was voluntary, however much she may have felt, or may in fact have been, wronged by conduct of others, which induced her to do the act.    The decree was in accordance with the prayer of the petition.    In her answer to the petition of the administrator to sell the property to pay debts she set up no defence, and no claim save that which she was seeking to enforce through her petition for dower.    The administrator's sale was therefore made subject to that right, and Doane, when he purchased thereat, became simply bound to abide by that decree, whatever it might be.    The appeal from that decree did not vacate it or destroy its lien—it merely suspended its operation, and when it was affirmed, it stood, for all purposes, just as if the appeal had not been taken.    (*Oakes* v. *Williams*, 107 Ill. 154.)    The reversal as to the part affecting the Fort Dearborn property, in legal presumption took from Mrs. Walker nothing to which she is entitled.    We must presume she will obtain there all that is her due, and when it is legally proper she should have it.    Had Mrs. Walker not asked and obtained a decree for the payment of dower out of this property, or had the proceedings been commenced against instead of by her, and she had meanwhile remained in possession and insisted upon her right of quarantine, the case would have been quite different.

A point not considered before is urged with reference to the estate of homestead as distinguished from the right of quarantine.    This seems to be effectually answered by the 37th section of the Dower act, (chap. 11, Rev. Stat. 1874,) which is as follows:    "The surviving husband or wife shall have the homestead or dwelling house, if he or she desires, and such allotment shall not affect his or her estate of home-

stead therein; but if the dower is allotted out of other lands, the acceptance of such allotment shall be a waiver and release of the estate of homestead of the person entitled to dower, and his or her children, unless it shall be otherwise ordered by the court." Here the dower has been allotted to Mrs. Walker out of other lands. It must be regarded as accepted by her because allotted upon her petition, and the decree of court does not otherwise provide.

The decree is affirmed.

*Decree affirmed.*

Walker and Craig, JJ., dissenting.