Garrity v. Betts.

## PATRICK L. GARRITY
### v.
## CHARLES F. BETTS.

PROMISSORY NOTE—INSOLVENCY OF MAKER—SUIT AGAINST INDORSER.— If, at the time a promissory note falls due, proceedings against the maker would be unavailing, the holder may proceed immediately against the indorser; but if he will not do this he must be prepared, in order to fix the liability of the indorser, to show that the insolvency of the maker continued down to the time of the commencement of his suit against the indorser.

APPEAL from the Circuit Court of Cook county; the Hon. LORIN C. COLLINS, Judge, presiding.    Opinion filed December 8, 1886.

Mr. DEWITT C. JONES, for appellee; cited Bledsoe v. Graves, 4 Scam. 382.

Messrs. PECKHAM & BROWN, for appellee.

BAILEY, J.    This was a suit in assumpsit, commenced March 17, 1884, by Charles F. Betts, the indorsee, against Patrick L. Garrity, the payee and indorser of a promissory note. Said note bore date August 25, 1882, and was executed by Edward Scanlon, for $80, payable to the order of the defendant ninety days after date, and assigned by indorsement on the day of its date, by the defendant to the plaintiff.

The declaration consisted of two counts. The first count alleged the exercise of due diligence on the part of the plaintiff, by the institution and prosecution of a suit against the maker of the note for the recovery of the money due thereon. The second count alleged that when the note became due said

maker was, "and from thence hitherto has continued to be,"
insolvent and unable to pay the amount of said note, or any
part thereof, by reason whereof the institution of a suit against
him at that time or afterward would have been unavailing.
The first count was withdrawn by the plaintiff, and on the
trial, which was had before the court without a jury, the issues
were found for the plaintiff and his damages assessed at the
amount appearing to be due on the note, and judgment was
rendered accordingly.

The maker of the note was called as a witness and testified
that on the 26th day of November, 1882, the date of the ma-
turity of the note, he had no property, and that he had no
property during the residue of that month, nor during the
month of December, 1882, or January, 1883. This was all the
evidence as to the insolvency of said maker, there being no
evidence introduced as to his pecuniary circumstances at any
time from the last of January, 1883, to March 17, 1884, the
date of the commencement of this suit.

Under this evidence the plaintiff was not entitled to recover.
It was incumbent upon him to prove, not merely that the
maker of the note was insolvent at or for a short time after
the note matured, but he was bound to show that such insolv-
ency continued down to the time of the commencement of
his suit. This precise question was before the Supreme Court
in Bledsoe v. Graves, 4 Scam. 382, where the court, in con-
sidering an instruction involving this identical rule, say: "The
inquiry arises whether the holder can delay proceedings both
against the maker and indorser, after the maturity of the note,
and afterward hold the latter liable, by showing the insolvency
of the former when the note fell due, although the money
might have been collected of him between that time and the
institution of the suit against the indorser. We are of the
opinion that he can not. If at the time the note falls due,
proceedings against the maker would be unavailing, the holder
may proceed immediately against the indorser; but if he will
not do this, he must be prepared, in order to fix the liability
of the indorser, to show that suit against the maker would
have been unavailing in the intermediate time while he re-
tained the note. If he omit any opportunity of collecting the

Garrity v. Betts.

money of the maker before he proceeds against the indorser, he is guilty of such laches as will discharge the latter."

This doctrine, laid down by Mr. Justice Caton forty-three years ago, has never been departed from or criticised, but has been recognized and acted upon by the Supreme Court in later decisions.  Phillips v. Webster, 85 Ill. 146; Clayes v. White, 83 Id. 540.

The plaintiff insists, however, that evidence of the insolvency of the maker of the note, during the residue of the period between the maturity of the note and the commencement of the suit, was offered by him and excluded on the defendant's objection, and that the defendant should be estopped to insist upon a defect of evidence in that respect.  As we read the record the facts are not as the plaintiff claims.  The plaintiff's counsel, while examining the maker of the note, asked him certain questions as to his insolvency at a period subsequent to the commencement of the suit, and also at the time of the trial.  These questions were objected to, and in the discussion of one of said objections, viz., the one interposed to the question in relation to his insolvency at the date of the trial, a colloquy took place between the court and counsel, in which the counsel made an offer to prove the insolvency of the maker during a portion of the period prior to the commencement of the suit.  To that offer the defendant's counsel made no objection, and said nothing, but at the close of the colloquy the court merely sustained the objection. The theory of the defendant's counsel seems to have been that the proof should be confined to the period prior to the commencement of the suit; and in that we think he was correct, and consequently no objection was made by him to any evidence which was limited to that period.  We are unable to see any ground for estopping the defendant from objecting to the defect of proof, as its absence from the record was in no sense the result of any objection interposed by his counsel at the trial.

The judgment will be reversed on the ground that the finding of the court is unsupported by the evidence, and the cause will be remanded for a new trial.

Judgment reversed.