## MARTHA A. WALKER
### v.
## GEORGE C. RAND ET AL.

*Dower—Freehold Estate—Jurisdiction of Supreme and Appellate Courts.*

1.  This court has no jurisdiction of an appeal from a decree touching the assignment of dower, the same being a freehold estate.

2.  The Supreme Court has direct appellate jurisdiction of proceedings involving the destruction of a freehold estate.

[Opinion filed April 3, 1889.]

APPEAL from the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.

Messrs. ISHAM, LINCOLN & BEALE, for appellant.

Messrs. W. H. & J. H. MOORE & PURCELL, and W. C. GOUDY, for appellees.

GARY, J.   This is a bill by the appellant for the assignment of dower.   Dower is a freehold estate.   2 Bl. Comm. 119, 129.   Of an appeal from a decree in which a freehold is involved this court has no jurisdiction.   The exact case was decided in this court in 1884 in McManaman v. Blocks, 15 Ill. App. 476.

In addition to this objection to the jurisdiction the appellant seeks to have a title, which is a fee simple on its face, declared to be only an incumbrance to which she shall be required to contribute.   The effect of granting this relief is to destroy a freehold.   In principle it is like establishing a resulting trust, a subject that pertains to the direct appellate jurisdiction of the Supreme Court.   Lehman v. Rothbarth, 111 Ill. 185; see Helm v. Boyd, 124 Ill. 370, where the appeal was taken direct to the Supreme Court and entertained, the

object of the bill being to have a deed declared a mortgage.

It is true that this litigation has, before the decision in 15 Ill. App., twice gone through this court without objection here or in the Supreme Court as to the jurisdiction of this court. Doane v. Walker, 101 Ill. 628; Walker v. Doane, 108 Ill. 236.

And it is also true, that since the case in 15 Ill. App., this court, without noticing this objection, has affirmed a decree assigning dower. Reich v. Berdel, 20 Ill. App. 668. So the Supreme Court in Browning v. Harris, 99 Ill. 456, affirmed the judgment of the Appellate Court of the fourth district, where the homestead right was the subject of litigation, and in Snell v. Snell, 128 Ill. 403, sustained their own jurisdiction of a like case on an appeal direct from the Circuit Court. Cases are not authority upon questions not made in them.

The appeal must be dismissed for want of jurisdiction. Pratt v. Kendig, last term.

*Appeal dismissed.*