## Anna C. Dunbar, Appellee, v. Charley Dunbar et al., Appellants.

### Gen. No. 5548.

1. APPEALS AND ERRORS—*effect of appeal from supplemental decree.* An appeal from a supplemental decree does not search the whole record as does a writ of error, but only questions the decree appealed from, and leaves all previous final decrees unassailed.

2. PLEADING—*when plea setting up former proceeding in equity insufficient.* Held, that the allegations of the plea which relied upon the pendency of a former chancery proceeding from the decree rendered in which the appeal had been taken were insufficient.

3. JURISDICTION—*when question of may be raised on appeal.* It is only where it appears upon the face of the bill that there is no jurisdiction in equity, that the jurisdiction of the court can be defeated on appeal where the question has not been raised by demurrer, plea or answer.

4. ACCOUNTING—*when fair cash rental value may be shown.* Held, under the facts of this case, that a doweress entitled to an account of rents from the owners of the fee was properly allowed to make out a *prima facie* case by showing a fair cash rental value of the premises in question.

5. JUDICIAL NOTICE—*of what taken.* The court takes judicial notice that the rental value of land which is cropped, does not accrue until the crop matures.

Bill in equity. Appeal from the Circuit Court of Henry county; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 13, 1912.

CLARK ABY and ANDERSON & ANDREWS, for appellee.

GRANT NEWELL and ALBERT E. BERGLAND, for appellants.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Shortly before Anna C. Dunbar married Washington Dunbar and after their engagement to marry each other, he conveyed 80 acres of land to each of his four sons, without consideration. This was practically his

entire estate.  After the death of Washington Dunbar, Anna C. Dunbar filed a bill in equity against said sons to have said deeds declared fraudulent as to her right of dower and to have it determined that she was entitled to dower in the premises.  She had a decree on June 14, 1910, awarding her dower in said land, and appointing commissioners to set off the same, and assessing her damages for the detention of her dower against each of said four sons, and making the decree against each son a lien upon the land so conveyed to such son.  The sons appealed to the Supreme Court from that decree, and that appeal was dismissed at the October Term 1910.  Thereafter the commissioners set off her dower in said lands by metes and bounds, and a decree was entered on December 22, 1910, confirming their report, from which decree the sons again appealed to the Supreme Court.  Thereafter Anna C. Dunbar filed this bill in equity to have a discovery from said sons of the rents and profits of said land for the year 1910 and to have an accounting of the amounts due her for the rents and profits of each of said four pieces of land for that year, and to have a lien upon the shares of said sons for the said rents and profits respectively owing by each of them to her.  The sons filed a plea to said bill, in which they set up the proceedings of said commissioners to admeasure and set-off the dower of Anna C. Dunbar by metes and bounds and the decree approving the same in December, 1910; that they appealed from that decree and gave an appeal bond, which had not been suspended or nullified; and they demanded the judgment of the court whether they should be compelled to answer the bill.  The plea was set down for hearing and adjudged insufficient. The sons elected to stand by said plea and the bill was taken as confessed, evidence was heard in open court and Anna C. Dunbar had a decree awarding her $160 for her share of the rents and profits of each of said 80 acre tracts for the year 1910 and making each of

said sums a lien upon the 80 acres held by the son against whom such payment was adjudged. From that decree the sons prosecute this appeal.

The plea was bad in various respects. The appeal it set up was from the decree of December 22, 1910, which only approved the report of the commissioners and established the dower in each tract by metes and bounds, pursuant to said report. The decree of June 14, 1910, was the one which determined that appellee was entitled to dower in the land and the plea did not set up any appeal from that decree. The bill in this cause set up that defendants did appeal from that June decree, and that that appeal was dismissed. That allegation was confessed by their default. An appeal from a supplemental decree does not search the whole record, as does a writ of error, but only questions the decree appealed from and leaves all previous final decrees unassailed. Drummer Creek Drainage District v. Roth, 244 Ill. 68; Ellguth v. Ellguth, 250 Ill. 214. The appeal from the December decree did not vacate that decree or destroy its operation as an adjudication. It simply suspended its execution. Walker v. Doane, 108 Ill. 236-243; Moore v. Williams, 132 Ill. 589. The plea did not aver that said appeal was still pending. It must be taken as against the pleaders that their appeal had been disposed of adversely to their interests. The plea did not aver that the former suit was to recover for the rents for the year 1910 or that anything was recovered for the use by appellants of appellee's interest in the real estate for that year. The court properly overruled the plea, and properly took the bill as confessed when appellants elected to abide by their plea and did not answer further.

Appellants contend that the court was without jurisdiction in this cause. This question was not raised in the court below and therefore cannot be raised here, the matter of an accounting and of establishing a lien upon the property of the fee owners who had taken and appropriated another's share of the rents being

within the general jurisdiction of courts of equity. It is only where it appears upon the face of the bill that there is no jurisdiction in equity that the jurisdiction of the court can be defeated on appeal, where the question has not been raised by demurrer, plea or answer. Kaufman v. Wiener, 169 Ill. 596.

It is contended by appellants that appellee should have proved how much each son received in cash or crops from the 80 acres occupied by him and how much he expended for repairs and taxes. Appellee proved that she had received nothing from the lands and proved by three of said sons that he rented at least a part of the lands to others in the year 1910 and by each of the four sons that he had no books or accounts by which he could show what he received from the lands that year, although the pendency of the former suit notified each of them that she claimed dower in said lands, and after June 14, 1910, they knew they would have to account to her for the use of her dower interest in the land. Appellee proved the fair cash rental value of each farm, and offered in open court, notwithstanding the bill had been taken as confessed, to let the sons prove any matters of set-off they might have. Their counsel stated to the court that they had nothing to offer. The court allowed one-third of what the proof showed was the fair, cash rental value of the property for that year. Appellants did not show that they had paid any taxes or made any repairs, though the opportunity was given them to make that proof. The matter rested specially within their knowledge, and appellee called each of them as her witness and gave the opportunity. We are of opinion that under these circumstances she had a right to prove the fair, cash rental value, and thereby made a *prima facie* case. The right to join the four sons in one suit was not questioned in the court below. This bill, though in form a new suit, is really supplemental to the former suit.

Appellants contend that the decree of June 14, 1910, awarded appellee damages for the detention of her dower to the date of that decree, and therefore it was error to award her damages in this suit for the whole of the year 1910. The decree of June 14, 1910, did adjudge that complainant be awarded damages for the detention of her dower in said premises from the date of her bill of complaint therein (elsewhere found to be January 28, 1908) to the date of that decree; and that each of said four sons pay her $320. There is other language in the decree, however, which leads to a different conclusion as to what was intended. That decree also found that the average and reasonable rental value of said premises was $6.00 per acre. That would make the annual rental value of each eighty $480 or $960 for two years; and dower therein, or one-third thereof, would be $320 for two years, and that was the sum awarded complainant against each son by the decree of June 14, 1910. This was farm land. The proof shows that corn, oats, and hay were raised on these lands in 1910. The court takes judicial knowledge that the rental value of land which is cropped does not accrue till its crop matures, and that this is later than June 14, and that the use of a farm upon which to raise such crops from January 1 to June 14 would be of but little value. It is obvious that the two years for which the court awarded damages in June 1910, were the years 1908 and 1909, and that nothing was intended to be there awarded for the use or rental value of the land for part of the year 1910.

The decree is therefore affirmed.

*Affirmed.*