CAROLINE METZEN *et al.*

*v.*

JOHN P. SCHOPP *et al.*

*Opinion filed April 24, 1903.*

1. WILLS—*when fee may be limited by subsequent part of will.* If an estate is devised to a named person without the use of the words "heirs and assigns," the devisee will take an estate in fee simple unless a less estate is limited by express words in a subsequent part of the will or by construction or operation of law.

2. SAME—*when devise is limited to life estate.* A provision in a will that the residue of the testator's estate "shall become vested in my adopted son, John Peter Metzen, and I hereby give, devise and bequeath to * * * my son aforesaid, all the residue of my estate, * * * to him and the heirs of his body forever," passes a life estate, only, to the son, with remainder to heirs of his body.

3. SAME—*power of disposal is only co-extensive with estate devised.* A power of disposal accompanying a devise of a life estate means such disposal as a tenant for life can make, unless there are other words clearly indicating that a larger power was intended.

4. SAME—*when clause does not confer power of sale.* A clause in a will directing that the testator's adopted son, to whom he had devised a life estate, "shall not be permitted to sell or encumber any improved property devised hereunder until he shall be twenty-five years of age," does not confer a power of sale, but restricts the son from selling or mortgaging his interest, and does not raise the life estate to a fee simple.

5. SAME—*when words "without leaving issue" import a definite failure of issue.* The words "without leaving issue," used in a clause of a will providing a disposition of property in case of the death of the testator's son without leaving issue, mean without leaving issue at the death of the son, and import a definite failure of issue.

APPEAL from the Circuit Court of St. Clair county; the Hon. B. R. BURROUGHS, Judge, presiding.

This is a bill, filed by Caroline Metzen, Caroline Uhrig and John Peter Metzen, the appellants, against John P. Schopp and others, appellees. The bill alleges that John P. Metzen died testate on April 3, 1893, leaving a last will and testament dated March 30, 1893, which was admitted

to probate in April, 1893, in the county court of St. Clair county. The will is as follows:

. "I, John P. Metzen, of East St. Louis, Illinois, do hereby make and declare the following to be my last will and testament.

"Being the owner of certain property, both real and personal and mixed, I desire, after payment of all my just debts and funeral expenses, to dispose of the same in the following and under the conditions hereinafter set forth:

"*First*—I give, devise and bequeath to my beloved wife, Caroline Metzen, *nee* Mueller, all of the said real and personal property and effects, of whatever kind, to her use during her natural life only, and subject to the provisions for legacies herein made and other conditions set forth. I direct that out of the revenue from rents, interest and other income, the sum of $60.00 per month be paid to her daughter-in-law, Caroline Uhrig, widow of Phillip Uhrig, deceased, and that in addition thereto she be provided with a home of four rooms, in any of my houses, rent free, or in lieu thereof the additional sum of $15.00 per month, all such sums payable monthly: *Provided,* that in case Caroline Uhrig shall make her home with and as one of the family of my wife, then and that case only the sum of $30.00 shall be paid to her for each month, also payable monthly: *And further provided,* that such sum be paid to her and privileges enjoyed only during her widowhood, and to cease at her, the said Caroline Uhrig's, remarriage. I direct that the executors of my last will provide, to all extent necessary, for a good education, and for his maintenance until he shall attain his majority, of my adopted son, John Peter Metzen, but no moneys for business ventures be advanced to him out of my estate until he shall be twenty-five years old.

"*Second*—Upon the death of my wife, Caroline Metzen, I direct that all of the residue of my estate that theretofore held and enjoyed by her hereinunder shall become

vested in my adopted son, John Peter Metzen, and I here-
by give, devise and bequeath to him, the said John Peter
Metzen, my son aforesaid, all said residue of my estate,
all of the real and personal property and effects to him
and his heirs of his body forever, under the herein men-
tioned conditions and restrictions, and such·devise being
made and subject to the bequests and legacies to be paid
as herein provided.

"*Third*—I direct that two years after the death of my
said wife, Caroline Metzen, there shall be paid, in cash,
the following legacies out of the moneys realized from
incomes and sale of unimproved real estate, if ample:
(*a*) The sum of $4000.00 to the children of my step-daugh-
ter, Caroline, deceased, late the wife of Valentine Schopp;
(*b*) the sum of $4000.00 to the children of my step-daugh-
ter, Mathilda, deceased, late the wife of Christ Hoffman;
(*c*) the sum of $3000.00 to my step-son, Leopold Uhrig,
(he having already received $1000.00,) and in event of his
death before expiration of said two years, then this leg-
acy is to be paid to his children; and I direct that the
above legacies be paid to the said children only when
each shall arrive at majority, in equal shares.

"*Fourth*—In case of the death of my son, John Peter
Metzen, without leaving issue and after the death of my
wife, Caroline Metzen, and of her daughter-in-law, Caro-
line Uhrig, while still unmarried, I direct that the re-
maining property belonging to my estate be liquidated,
the real estate sold for half cash and the other half pay-
able one year thereafter, and the proceeds of such liqui-
dation and sale be divided and paid as follows:  (*a*) One-
fourth to my step-son, Leopold Uhrig, or in case of his
death to his children; (*b*) one-fourth to the children of
my step-daughter, Caroline Schopp, deceased; (*c*) one-
fourth to the children of my step-daughter, Mathilda
Hoffman, deceased; (*d*) one-fourth to the heirs or devi-
sees of Caroline Uhrig, provided she has not re-married,
in that case the one-fourth allotted to her is to be divided,

share and share alike, among the last above mentioned legatees, each parent part being one-third.

"*Fifth*—I further direct that in case of the destruction by fire of any of my houses, my hereinafter named executrixes shall re-build the improvements from the proceeds of insurance held on the same, to insure an income from such property; and further, that my son and heir, John Peter Metzen, shall not be permitted to sell or encumber any improved property devised hereunder until he shall be twenty-five years of age; and further, that in case it shall become necessary to appoint a guardian for my son, John Metzen, I direct that his natural mother, Caroline Uhrig, while still unmarried, be appointed as such, but that her re-marriage shall disqualify her, nor shall her husband be appointed as such guardian, but in that event I nominate my nephews, Jacob Mueller or Phillip Mueller, of Millstadt, as guardians.

"*Sixth*—I hereby nominate my wife, Caroline Metzen, and her daughter-in-law, Caroline Uhrig, as joint executrixes of this my last will, releasing each from giving any bond whatever: *Provided,* that in case of the re-marriage of any or both of them their authority shall cease from such re-marriage, neither shall the husband of them be allowed to take charge of the estate herein disposed of.

"That to pay the legacies hereinbefore mentioned and chargeable to my estate, improved property may be sold if the unimproved portion of my estate should not be sufficient to make the sum total to be paid.

"Hereby revoking all former wills by me made.

"Dated this 30th day of March, 1893.

JOHN P. METZEN."

The bill alleges that letters testamentary were duly issued to the appellants, Caroline Metzen and Caroline Uhrig, who took upon themselves the administration of the estate, and were acting as executrixes thereof; that appellant, John Peter Metzen, has arrived at his majority; that Caroline Uhrig has made her home with Caro-

line Metzen since the decease of the testator; that, by the will, all the estate of the testator was devised in fee to his adopted son, the appellant, John Peter Metzen, subject to the life estate of Caroline Metzen, and subject to the payment within two years after her death of the legacies devised by clause 3 of the will; that, by the provisions of the will, the legacies in clause 3 should be paid in cash out of the moneys realized from incomes and the sale of unimproved real estate, but, in case the unimproved portion of the estate should not be sufficient, then improved property might be sold to pay the legacies; that clause 4 of the will is nugatory, for the reason that, by clause 2, the testator devised the estate in fee simple absolute to the appellant, John Peter Metzen, subject only to the life estate of Caroline Metzen, and by clause 4 attempted to limit the fee so devised in clause 2 to a life estate, which, being repugnant to the prior devise of the fee, does not limit the estate to a life estate; that, if clause 4 had any legal effect originally, it is now of no force, for the reason that John Peter Metzen was on October 22, 1900, married to one Marguerite E. Lovingston, and on November 15, 1901, there was born of said marriage a child, named Margaret Caroline Metzen.

The defendants to the bill below, who are appellees here, were the children and grandchildren of Caroline Schopp, the testator's step-daughter, and the children of Mathilda Hoffman, also his step-daughter, and Leopold Uhrig, his step-son, and the children of Leopold Uhrig. The bill then describes the improved and unimproved real estate left by the testator, the value of the former being stated to be $64,820.00, and the value of the latter, $70,600.00, making an aggregate value of $135,420.00, all of said real estate being situated in East St. Louis. The bill also avers that there is an indebtedness against said real estate for street improvements, and other indebtedness, for about $11,840.00; that the legacies are a lien upon the whole estate, and complainants below, appel-

lants here, cannot sell any of the real estate on account of the objection made that the legacies are a lien, and that any piece of the real estate sought to be sold might be subject to the payment of the legacies, and, that for this reason, purchasers refuse to buy except at prices less than the real value of the property; that the city of East St. Louis contemplates making street improvements, some of which would be in front of said vacant property, and entail an additional expense against it; that the income, derived from the improved real estate, is not sufficient to pay the indebtedness, keep the buildings in repair, pay the taxes and insurance, and permit of the payment of $30.00 per month to Caroline Uhrig, and leave enough to support Caroline Metzen; that the indebtedness now due by the estate must be paid by a sale of real estate, and that full value of the property cannot be obtained by sale, as long as the legacies remain a lien upon the entire property; that, if the legacies amounting to $11,000.00, were made a specific lien upon the improved property, and the lien divested or taken from the unimproved real estate, the unimproved real estate could be managed and sold to advantage, so as to obtain its fair and full value. The prayer of the bill asks that a guardian *ad litem* be appointed for the minors, and that, upon a hearing, the court will decree that John Peter Metzen is the owner in fee simple of all the real estate of the testator, subject only to the life estate of Caroline Metzen and the payment of the legacies mentioned in the will, and that item 4 is of no legal effect, and that the lien of the legacies, mentioned in clause 3 of the will, which rests upon all the real estate, be kept upon the improved real estate, but be divested and taken from the unimproved real estate, so as to enable complainants to dispose of the unimproved real estate to pay the debts and charges upon the estate.

Demurrers were filed by the adult defendants, and also by the guardian *ad litem* of the minor defendants.

The demurrers to the bill were sustained. The complainants below, appellants here, elected to stand by their bill of complaint, and decree was entered dismissing the bill for want of equity. The present appeal is prosecuted from the decree of dismissal so entered.

WISE & MCNULTY, for appellants:

In the construction of wills, words in general are to be understood in their plain and usual sense, in the absence of a manifest intention to the contrary. 29 Am. & Eng. Ency. of Law, 345.

Where a different meaning is fairly deducible from the whole will, the technical sense must bend to the apparent intention. Schouler on Wills, (3d ed.) sec. 470; *Cook* v. *Holmes*, 11 Mass. 528; 1 Redfield on Wills, 333; *Boyd* v. *Strahan*, 36 Ill. 358; *Murfitt* v. *Jessop*, 94 id. 158; *Blackmore* v. *Blackmore*, 187 id. 108.

It is the spirit of our statute and a matter of public policy to form such a construction of a will as will not tie up property; and it is the disposition of courts to adopt such a construction as will give an estate of inheritance to the first donee. 1 Redfield on Wills, (3d ed.) 421, 422; *Shearman* v. *Woosten*, 26 Iowa, 272; *Leiter* v. *Sheppard*, 85 Ill. 246; *Giles* v. *Anslow*, 128 id. 188; *Davis* v. *Ripley*, 194 id. 399.

While words, under the common law, necessary to transfer an estate of inheritance are not used in clause 2 of the will, yet under section 13 of the Conveyance act the words convey the fee. *Smith* v. *Kimbell*, 153 Ill. 372.

Clause 4 of the will is an attempt to cut down to a life estate the fee given in clause 2 of the will, but this being repugnant to the prior devise of the fee does not limit the estate to a life estate. *Silva* v. *Hopkinson*, 158 Ill. 386; *Wolfer* v. *Hemmer*, 144 id. 554; *Ewing* v. *Barnes*, 156 id. 61; *Wicker* v. *Ray*, 118 id. 472; *Lambe* v. *Drayton*, 182 id. 110.

That clause is void for remoteness, as the words import an indefinite failure of issue. 11 Am. & Eng. Ency.

of Law, (2d ed.) 899, 902, 904; *Smith* v. *Kimbell*, 153 Ill. 373; *Arnold* v. *Alden*, 173 id. 238.

The language used in clause 4 is: "In case of the death of my son, John Peter Metzen, without leaving issue, I direct," etc. In construing this clause the court will hold that the subsequent dispositions were intended to take effect only in the event that John Peter Metzen died in the lifetime of the testator. 29 Am. & Eng. Ency. of Law, 502, 504, 369, and notes; *Arnold* v. *Alden*, 173 Ill. 229; *Fishback* v. *Joesting*, 183 id. 463; *Biddle's Estate*, 28 Pa. St. 59; *Austin* v. *Bristol*, 40 Conn. 120; *Martin* v. *Holgate*, 1 H. L. Cas. 175; *Moon* v. *Lyons*, 25 Wend. 119; *Bronson* v. *Hill*, 31 Md. 181; 2 Jarman on Wills, (6th Am. ed.) chap. 48; *Briggs* v. *Shaw*, 9 Allen, 516; *Martin* v. *Kirby*, 11 Gratt. 67; *Lawrence* v. *McArthur*, 10 Ohio, 37.

HAMILL & TECKLENBURG, (JAMES M. HAMILL, guardian *ad litem*,) for appellees:

The fundamental rule in the construction of wills is to consider their whole scope and plan, comparing their various provisions with one another, and construing them, if possible, so that all may stand. *Young* v. *Harkleroad*, 168 Ill. 318.

Whenever it can possibly be done, a will should be so construed as to give effect and operation to every word and provision in it. Therefore, when the language is clear and unambiguous and there is no conflict in its various provisions and no absurdity will thereby be involved, the will should be given effect according to the literal terms used, taken in their general and popular sense, except where technical terms are used, in which case they should be taken in their technical sense, unless the context shows they are used in a different sense. *Welsch* v. *Bank*, 94 Ill. 191.

In all cases where by the terms of a will there has been an express limitation of an estate to the first-taker for life and a limitation over, any general expression ap-

parently giving the tenant for life an unlimited power over the estate, but which does not in express terms do so, must be regarded as referring to the life interest only. *Welsch* v. *Bank,* 94 Ill. 192; *Lambe* v. *Drayton,* 182 id. 118.

Where a power of disposal accompanies a bequest or devise of a life estate, the power of disposal is only co-extensive with the estate which the devisee takes under the will, and means such disposal as a tenant for life could make, unless there are other words clearly indicating that a larger power was intended. *Bradley* v. *Wescott,* 13 Ves. 445; *Smith* v. *Bell,* 6 Pet. 68; *Boyd* v. *Strahan,* 36 Ill. 355; *Siegwald* v. *Siegwald,* 37 id. 430; *Brant* v. *Iron Co.* 93 U. S. 326; *Mulberry* v. *Mulberry,* 50 Ill. 67; *Giles* v. *Little,* 104 U. S. 291; *Henderson* v. *Blackburn,* 104 Ill. 227.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion of the court:

Counsel for appellants concede that the only question, involved in this case, is whether, by the terms of the will set forth in the statement preceding this opinion, the appellant, John Peter Metzen, took by the will only a life estate in the real property commencing after the death of Caroline Metzen, or whether he took the land in fee simple absolute, subject to the life estate of Caroline Metzen.

By the terms of the first sentence in clause 2 of the will, the testator directs that, upon the death of his wife, Caroline Metzen, "all of the residue of my estate, that theretofore held and enjoyed by her hereinunder, shall become vested in my adopted son, John Peter Metzen." The residue of the estate was to become vested in the appellant, John Peter Metzen, and in him alone, without any statement that it was to become vested in him and his heirs and assigns; that is to say, no words of inheritance are used in connection with the devise of the residue to John Peter Metzen. Under section 13 of the Conveyance act, "the court can only inquire whether

an estate less than a fee is limited by express words or granted, conveyed or devised by construction or operation of law where words, theretofore necessary to transfer an estate of inheritance, are not used. Where an estate is devised to A, without the use of the words 'heirs and assigns,' A will take a fee simple estate of inheritance, unless the will, or instrument of conveyance, reduces the estate to an estate less than a fee by express words, or by construction or operation of law.— *Wolfer* v. *Hemmer*, 144 Ill. 554; *Saeger* v. *Bode*, 181 id. 514; *Smith* v. *Kimbell*, 153 id. 368." (*Turner* v. *Hause*, 199 Ill. 464). The fee of the residue of the estate, devised to John Peter Metzer, "may be limited by construction or by express words in a subsequent part of the will, because words, necessary to transfer an estate of inheritance, are not used in the devise of such fee. Hence, the fee, devised to" John Peter Metzen, "may be reduced to a less estate by the words used subsequently in the" second "clause, to-wit:" "I hereby give, devise and bequeath to him, the said John Peter Metzen, my son aforesaid, all said residue of my estate, all of the real and personal property and effects, to him and his heirs of his body forever, under the herein mentioned conditions and restrictions, and such devise being made and subject to the bequests and legacies to be paid, as herein provided."

There being nothing in the character of the devise of the residue of the estate to John Peter Metzen, which prevents a limitation thereof by subsequent words used in the second clause, the question arises what estate less than a fee was devised to John Peter Metzen by that clause. It must be said here, as it was said in *Turner* v. *Hause, supra:* "There can be no other answer to this question, under the decisions of this court, than that" John Peter Metzen "took a life estate only, with remainder in fee to the heirs of his body." (*Blair* v. *Vanblarcum*, 71 Ill. 290; *Lewis* v. *Pleasants*, 143 id. 271; *Frazer* v. *Supervisors*, 74 id. 282; *Cooper* v. *Cooper*, 76 id. 57; *Lehndorf* v. *Cope*, 122

id. 317; *Dinwiddie* v. *Self*, 145 id. 290; *Kyner* v. *Boll*, 182 id. 171; *Saeger* v. *Bode*, 181 id. 514; *Welliver* v. *Jones*, 166 id. 80). We are, therefore, of the opinion that, by the terms of clause 2 of the will, the appellant, John Peter Metzen, was to take, upon the death of Caroline Metzen, a life estate only in the residue of the estate therein mentioned, subject to the conditions and restrictions and the payment of the bequests and legacies mentioned in the will.

It is, however, contended by the appellants that, even if John P. Metzen was given only a life estate in the property by the provisions of clause 2, yet that, by the terms of clause 5 of the will, he was empowered to sell the real estate after he became twenty-five years of age, and that, for this reason, it was the intention of the testator to give John Peter Metzen the fee simple estate in the residue of the property. This contention is based upon the use in clause 5 of the will of the following words: "I further direct  *  *  *  that my son and heir, John Peter Metzen, shall not be permitted to sell or encumber any improved property, devised hereunder, until he shall be twenty-five years of age." It is true, as a general rule, that "where by the terms of a will, there is given to one an unlimited power of selling or otherwise disposing of an estate in such manner as the devisee may think fit, a limitation over is inoperative and void by reason of its repugnance to the principal devise." (*Welsch* v. *Belleville Savings Bank*, 94 Ill. 203). In the case at bar, however, the words, above quoted from clause 5 of the will, do not confer a power of sale, but they amount to a restriction and limitation on the power of sale. They were meant to prevent the son from selling or mortgaging his interest.

It has been held by this court in a number of cases that, "where a power of disposal accompanies a bequest or devise of a life estate, the power of disposal is only co-extensive with the estate which the devisee takes under the will, and means such disposal as a tenant for life could make, unless there are other words clearly indi-

cating that a larger power was intended." (*Henderson* v. *Blackburn*, 104 Ill. 227; *In re Estate of Cashman*, 134 id. 88). In the will here under consideration, there are no other words besides those devising the estate, which clearly indicate that a larger power of sale was intended to be. conferred than such power of sale as a tenant for life could exercise.

In *Welsch* v. *Belleville Savings Bank*, *supra*, we said (p. 204): "It may be laid down as a general rule, that in all cases where, by the terms of a will, there has been an express limitation of an estate to the first taker for life, and a limitation over, any general expression, * * * apparently giving the tenant for life an unlimited power over the estate, but which do not in express terms do so must be regarded as referring to the life estate only, and therefore as limited by such interest." Here, the words, above quoted from clause 5 of the will, cannot be said to give the tenant for life an unlimited power of sale in express terms. If the words referred to can be regarded as anything else than a restriction or limitation upon the power of sale, they can only be construed as a general expression which apparently gives the tenant for life a power of sale. We are of the opinion that there is nothing in the language, used in clause 5, which raises the interest given to the appellant, John Peter Metzen, in clause 2 from an interest as tenant for life to an absolute fee title to the residue of the estate.

We do not regard the following words in clause 4 of the will, to-wit, "in case of the death of my son, John Peter Metzen, without leaving issue," as importing an indefinite failure of issue, and therefore it cannot be said that clause 4 is void for remoteness. The words, "without leaving issue," as used in clause 4, mean "without leaving issue" at the time of the death of the devisee, and not at the time of the death of the devisor. Such words, as are here used, create a definite failure of issue, that is to say, the failure of issue living at the time of

the death of John Peter Metzen. (*Smith* v. *Kimbell*, 153 Ill. 368; *Strain* v. *Sweeny*, 163 id. 603).

In our opinion the circuit court committed no error in sustaining the demurrer to the bill, and dismissing the same for want of equity. Accordingly, the decree of the circuit court is affirmed.                   *Decree affirmed.*