NANCY K. HILL

*v.*

LOUIS GIANELLI *et al.*

*Opinion filed April 17, 1906.*

1. WILLS—*will construed as creating life estate only.* A devise of real estate to the husband of the testatrix without words of inheritance, and followed by the provision that after his death the real estate should revert to the heirs of the testatrix upon payment by them to the heirs of her husband of the value of improvements upon the property, passes only a life estate to the husband, and not a fee.

2. SAME—*when will does not create a perpetuity.* A will providing that real estate devised to the husband of the testatrix shall, after his death, revert to the heirs of the testatrix, "but only after the payment by them" to the husband's heirs for improvements on the land, does not create a perpetuity, since "heirs of the testatrix" means those living at her death, and payment by them must be made in their lifetime.

3. APPEALS AND ERRORS—*when party cannot complain of decree.* A decree which vests title to land in the heirs of the deceased testa-

trix, subject to the payment of a certain amount by them to the heirs of the deceased husband of the testatrix, instead of requiring payment of the amount as a condition precedent to the vesting of the estate, cannot be complained of in that respect by one whose only interest was antagonistic to the heirs of both the testatrix and her husband, and who is attempting to establish a fee simple title in the husband in order to enforce an alleged contract with him to devise the fee to her.

APPEAL from the Circuit Court of St. Clair county; the Hon. B. R. BURROUGHS, Judge, presiding.

R. V. GUSTIN, and KEEFE & SULLIVAN, for appellant.

EGGMANN & EGGMANN, and JAMES M. DILL, for appellees the heirs of Marianna Solari.

KRAMER & KRAMER, for appellees the heirs of Frederick Sauer.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is a suit in partition, brought to the September term, 1904, of the circuit court of St. Clair county by two of the heirs of one Marianna Solari, deceased, asking for the partition of lot 1 in block 3 of the Third Ferry division of East St. Louis, in said county. Marianna Solari died on January 16, 1885, testate, and owning the lot above described. She had no children at the time of her death, but her heirs were six nephews and nieces, all of whom are parties to this proceeding for partition. She had been married to one Frederick Sauer, from whom she had obtained a divorce. By the terms of her will, which was admitted to probate on January 20, 1885, in the probate court of St. Clair county, after directing that her debts and funeral expenses be paid, she, by the second clause thereof, gave and bequeathed to her former husband, Frederick Sauer, all her personal property and choses in action of every kind and na-

ture whatsoever; and the third section of her will is as follows, to-wit: "I give and devise unto him, the said Frederick Sauer all the real estate I own in the city of East St. Louis, and all interest I may own in and to any property, real, personal or mixed in Switzerland. Provided that after his death the real estate shall revert to my heirs in Switzerland; but only after the payment by them to the heirs of Frederick Sauer of any improvements made on the real estate herein devised." By the fourth section of the will she appointed Frederick Sauer sole executor thereof. The bill for partition made parties defendant thereto all the heirs of Marianna Solari, except the complainants filing the bill, and also the heirs of Frederick Sauer, deceased. The bill also made as parties defendant the administrator of the estate of Frederick Sauer, deceased, and the administrator with the will annexed of the estate of Marianna Solari, deceased, and also made a defendant thereto the appellant, Nancy K. Hill.

Default was entered against the heirs of Marianna Solari, and answer was filed by the heirs of Frederick Sauer, denying the material allegations of the bill. An answer was also filed by the appellant, Nancy K. Hill, denying the allegations of the original bill. Appellant, Nancy K. Hill, also filed a cross-bill in the case, which was demurred to by the complainants in the original bill, and also by the heirs of Frederick Sauer, deceased. The demurrers to the cross-bill were sustained, and the same was dismissed for want of equity. The theory of the cross-bill, filed by the appellant, was that Frederick Sauer, by the terms of the will, took the fee simple title to the property. The cross-bill sets up that appellant took care of Frederick Sauer, while he and she lived upon the property in question from May 17, 1901, to the time of his death, which occurred on July 3, 1903. Appellant claims in her bill that Frederick Sauer was addicted to the habit of drinking intoxicating liquors, and was in a bad condition of health during the time she took care of him, and that, in consideration of her care of him, he made a con-

tract with her, by the terms of which he agreed to will to her all his interest in the lot above described. Although the cross-bill alleges that he made a will in pursuance of said contract, yet it is admitted in the cross-bill that, after his death, no such will was found. The original bill also alleges that Frederick Sauer executed a mortgage upon the property in his lifetime to one Schaub, and also that the appellant, Nancy K. Hill, executed a mortgage upon the property in question to one Gustin.

The decree, entered in the case, was substantially in accordance with the prayer of the original bill. It finds that the six heirs of Marianna Solari were entitled to undivided interests in the property, and that partition be made accordingly. The decree also finds that, by the terms of the will, it was provided that the real estate above described should descend to Frederick Sauer during his lifetime, and, upon his death, to revert to the heirs of the testatrix, Marianna Solari, residing in Switzerland, after the payment to the heirs of Frederick Sauer of any amount for improvements made on said premises, and that the said improvements amounted to $800.00. The decree, besides dismissing the cross-bill for want of equity, found that the mortgages made by Frederick Sauer and by appellant were clouds upon the title, and declared the same null and void, and removed the same as such clouds. The decree found that the heirs of Marianna Solari were entitled to the property in certain proportions, subject to the payment to the heirs of Frederick Sauer, deceased, of the above stated sum of $800.00 for improvements made on said premises. The decree also found that the appellant had no legal title or interest in said real estate, or any part thereof, and appointed commissioners to partition the property among the heirs of Marianna Solari, deceased, or appraise the same, if it could not be divided. The commissioners reported that the property could not be divided, and it was thereupon ordered to be sold by the master of the court. The present appeal is prosecuted by the

221—19

appellant, Nancy K. Hill, alone, from the decree, so entered by the circuit court of St. Clair county.

The questions, involved in this case, depend upon the proper construction to be given to the third section of the will of Mrs. Solari, as the same is above set forth. Section 3 gives and devises to Frederick Sauer the real estate of the testatrix in the city of East St. Louis, which includes the lot here in controversy. The devise, however, does not contain words of inheritance. "Where an estate is devised to A without the use of the words, 'heirs and assigns,' A will take a fee simple estate of inheritance, unless the will or instrument of conveyance reduces the estate to an estate less than a fee by express words, or by construction or operation of law." (*Turner* v. *Hause,* 199 Ill. 464; *Wolfer* v. *Hemmer,* 144 id. 554; *Saeger* v. *Bode,* 181 id. 514; *Smith* v. *Kimbell,* 153 id. 368). This court has held that a devise of the fee may be restricted by subsequent words in the will and changed to an estate for life. (*Bergan* v. *Cahill,* 55 Ill. 160; *Johnson* v. *Johnson,* 98 id. 564). In the case at bar, the first sentence of the third section of the will of Mrs. Solari, standing alone, vested in Frederick Sauer a fee simple title to the lot in question. But the second sentence of the will, which provided that, after the death of Frederick Sauer, the real estate should revert to the heirs of the testatrix in Switzerland, reduced the estate to an estate less than a fee, that is to say, to an estate for life only. The natural and proper construction of the will is, that Frederick Sauer took only a life estate in the lot, while the heirs of the testatrix in Switzerland took the fee, subject to said life estate.

That the heirs in Switzerland took the fee, and that Frederick Sauer had only a life estate, which ended at his death, was the theory, upon which the decree of the circuit court was based. If that theory is correct, that is to say, if Frederick Sauer only took a life estate, which ended when he died, then appellant took nothing by any will in her favor, which Frederick Sauer may have made, or by any contract

providing for the execution of a will in her favor, which he may have made before his death. Whatever interest the heirs of Frederick Sauer took in the property they took by virtue of the will of Marianna Solari, and they derived no interest whatever from Frederick Sauer. The heirs of Frederick Sauer could only be held bound to carry out his alleged contracts, or to answer for his debts with property that they derived from him. But in the case at bar, under the construction given to the will by the court below, which in our opinion was the correct construction, they derived whatever interest they had in this property from Marianna Solari, and not from Frederick Sauer.

The contention on the part of the appellant, however, is that, by the terms of section 3 of the will, the real estate after the death of Frederick Sauer was only to revert to the heirs of the testatrix in Switzerland after the payment by such heirs to the heirs of Frederick Sauer of any improvements made upon the real estate thereby devised. The rule is invoked, that no interest subject to a condition precedent is good unless the condition must be fulfilled, if at all, within twenty-one years after the expiration of some life in being at the creation of the interest; and that the rule, prohibiting perpetuities, requires that the absolute ownership of property must vest in some one within the period of a life or lives in being, and twenty-one years and nine months thereafter. (*Lawrence* v. *Smith,* 163 Ill. 149; *Owsley* v. *Harrison,* 190 id. 235). It is said that the provision, that the realty should only revert to the Switzerland heirs after the payment by them to the heirs of Frederick Sauer, deceased, of the amount paid for improvements, violated the above stated rule against perpetuities. It is true that the will does not fix any time, within which the condition was to be performed. Counsel for appellant say in their brief that the payment of the amount due for improvements could be made at any time after the death of Frederick Sauer without limitation as to time, and that "it could be made as well within one hundred

years after the death of Frederick Sauer as it could be made within a year after his death." In other words, the contention of counsel for appellant is that the clause in question required the heirs of Marianna Solari to pay to the heirs of Frederick Sauer the amount above mentioned as a condition precedent to their rights to the property in question, and that the condition precedent was not required to be performed, by the terms of the will, within the life or lives then in being and twenty-one years beyond, and was, therefore, void, as violating the rule against perpetuities. We cannot agree with this contention. The improvements, made by Frederick Sauer, were to be paid for by the heirs of the deceased testatrix in Switzerland. The expression in the will, "my heirs in Switzerland," refers to those, who were the heirs of the testatrix at the time of her death. (*Kellett* v. *Shepard*, 139 Ill. 433). This is admitted by counsel for appellant in their argument. The improvements were to be paid for then by the heirs of the deceased testatrix, who should be living at the time of her death. They were to be paid for by such heirs, and by no others, and the payment was to be made in the lifetime of such heirs. If the payment was to be made in the lifetime of the heirs, it was to be made within the lives then in being, and not after the expiration of such lives and the expiration of twenty-one years beyond such lives.

Again, there was introduced in evidence a treaty between the United States and the Swiss Confederation, made in 1847, and, by the second section of this treaty, it was provided that, if by the death of a person owning real estate in one of the high contracting parties, such property should descend either by the laws of the country, or by testamentary disposition, to a citizen of the other party, who, on account of being an alien, could not be permitted to retain the actual possession of such property, he should have not less than three years' time in which to dispose of it. Under our present statute, six years are allowed for the disposition of property in such cases. The will shows upon its face that these

heirs were aliens living in Switzerland, and their interest in the property under the treaty could only last three years, and, therefore, a perpetuity was not created by this will giving the real estate to these aliens. The neglect on their part to comply with the condition precedent, that is, to pay for the improvements, could not create a perpetuity, but would only defeat the title of the defaulting devisees.

It is to be noted, however, that this appeal is taken by the appellant alone. The heirs of Marianna Solari are not complaining of the decree of the court below, nor are the heirs of Frederick Sauer complaining of such decree. The decree fixed the value of the improvements at the sum of $800.00 and directed that the heirs of Mrs. Solari should be entitled to their undivided interest in the property, subject to the payment to the heirs of Frederick Sauer of said sum of $800.00 for improvements. This part of the decree seems to be satisfactory to the heirs of Frederick Sauer, who are parties to the proceeding below. They could waive the payment in cash for the improvements, if they chose, and accept, in lieu thereof, a decree, which made the amount due them for improvements a lien upon the property. In *Jones* v. *Bramblet,* 1 Scam. 276, this court held that the performance of a condition precedent, where it has been voluntarily dispensed with by the beneficiary, is not essential to the perfection of an estate. In *Nevius* v. *Gourley,* 95 Ill. 206, this court held that "where land is devised upon condition that the devisee shall pay a money legacy specified in the will, if the legatee sees proper to accept the promissory note of the devisee of the land in payment of the legacy, that will be regarded as a good payment under the will." So, in the case at bar, the heirs of Frederick Sauer had a right to accept, instead of money, a decree giving them a lien upon the property for the amount due them for improvements.

The heirs in Switzerland have filed this bill, and prayed that the value of the improvements, which the will required them to pay, should be ascertained. It might take time to

ascertain who the heirs of Frederick Sauer were, and it would naturally take some time to ascertain by a judicial proceeding what the improvements, made by Frederick Sauer, were worth. Evidently, therefore, the intention of the testatrix was that these improvements should.be paid for within a reasonable time. (1 Underhill on Wills, p. 646; *Ross* v. *Tremain,* 2 Metc. 495; *Carter* v. *Carter,* 14 Pick. 424.) The heirs of Frederick Sauer filed an answer claiming the value of the improvements, and did not insist upon a payment of this value, instead of having the payment made a first lien on the land. The heirs of Frederick Sauer are the only parties, who can complain in reference to the manner and time within which these improvements were to be paid for, and, as they are not complaining here, it does not lie in the mouth of appellant to complain. She is not entitled to the land in any event.

It is said by the appellant that the proof does not show that the persons, who were decreed by the court to be the owners of the property as the heirs of Mrs. Solari, were really her heirs. It is unnecessary to investigate or discuss this question because it does not concern the appellant. The only matter, which concerns her, is whether or not Frederick Sauer had any greater interest in the property than a life estate. If he had no greater interest than a life estate, then she took nothing from him either by will or contract, and whether or not the real estate was partitioned among the correct parties is a subject, in which the appellant has no interest.

For the reasons above set forth, we are of the opinion that the decree of the court below was correct. Accordingly, it is affirmed.                    ·  *Decree affirmed.*