(No. 11481.—Decree affirmed.)

MABEL A. READ, Appellee, vs. RICHARD ADAMS et al.—
(EDWIN F. HEMPSTEAD et al. Appellants.)

*Opinion filed October 23, 1917.*

1. WILLS—*when provision in will devises a fee under section 13 of Conveyances act.* Under section 13 of the Conveyances act, if an estate is devised to a named person without the use of words theretofore necessary to transfer an estate of inheritance, such person will take a fee simple estate of inheritance unless it appears from the will by express words or by construction or operation of law that a less estate than a fee is limited.

2. SAME—*when a devise of homestead with power of sale is a devise in fee simple.* Where a testator devises to his wife "the homestead where we now reside," (describing the same,) "she to have full power to sell all or part of said lots as she thinks best," the words "where we now reside" do not limit the devise to a life estate; nor does the clause giving the power of sale limit the estate to less than a fee, where there is nothing in the rest of the will to indicate such an intention.

APPEAL from the Circuit Court of Henry county; the Hon. FRANK D. RAMSAY, Judge, presiding.

N. F. ANDERSON, and ROBERT C. MORSE, for appellants.

ALBERT E. BERGLAND, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Mabel A. Read, appellee, filed her bill in the circuit court of Henry county for the partition of lot No. 3 and the north half of lot No. 4, in block 13, in the original town (now city) of Galva. She charged in her bill, in substance, that Jennie Hempstead died intestate May 7, 1913, seized in fee simple of said premises, leaving surviving her the appellee, her niece, and the following named persons, nephews and nieces and descendants of nephews and nieces, as her only heirs-at-law, to-wit: Richard Adams, Henry Adams, Allen Adams, Alice Stebbins, Florence Clark Byrns,

Laura Elizabeth Clark, William C. Clark, Jennie Clark Hunt and Florence W. Byrns; that said Jennie Hempstead obtained title to said premises in her lifetime from her husband, Oscar A. Hempstead, under the provisions of his will, executed December 2, 1911, and duly probated after his death; that the said Oscar A. Hempstead died testate, seized in fee of said premises, January 4, 1912, leaving him surviving Jennie Hempstead, his widow, and Edwin F. Hempstead, Winifred Stowell and Josephine Irish, his children and only heirs-at-law; that said Josephine Irish died after the death of her said father; that said Jennie Hempstead was the second wife of Oscar A. Hempstead, and that she left no children or descendants of children, no father or mother and no brothers or sisters her surviving. The above named heirs of Jennie Hempstead (except appellee) and said Edwin F. Hempstead and Winifred Stowell, and others who made no contest against appellee, were made parties defendant to the bill. The appellants, Edwin F. Hempstead and Winifred Stowell, answered the bill, denying that Jennie Hempstead was the owner and seized in fee of said premises at the time of her death, and denying that the appellee and the other heirs of Jennie Hempstead owned any interest in the premises, as heirs of Jennie Hempstead or otherwise. They also set up in their said answer the claim that they are the owners in fee simple of said premises as the only heirs of their father and also by the provisions of his will, and aver that their father was the owner in fee simple of said premises at the time of his death. Appellee filed a formal replication to the answer. All the other defendants made default. The issues were submitted to the master in chancery for proofs and findings. The master found the issues for appellee and that she was entitled to a decree for partition of said premises among the heirs of Jennie Hempstead, deceased. Objections were filed to the master's report and findings by appellants, which were overruled and exceptions were pre-

served. The court on final hearing sustained the master's report and findings and entered a decree for partition as prayed in the bill.

The only question presented for decision in this court is whether or not the court erred in finding and decreeing that Jennie Hempstead took title in fee simple to said real estate by the provisions of the fourth clause of the will of Oscar A. Hempstead, deceased. The fourth and fifth clauses of said will are the only clauses that have any direct bearing upon the question at issue. The first clause directs the payment of all funeral expenses and all debts of the deceased. The second names his widow, Jennie Hempstead, and his son, Edwin F. Hempstead, as executrix and executor, and directs that they be not required to give any bond or to file any inventory or to have the estate appraised as executors. The third clause authorizes and empowers them, as executors, "to convey and release all such obligations as they may be called upon to act." The fourth and fifth clauses are as follows:

"*Fourth*—I bequeath, devise to my beloved wife, Jennie Hempstead, the homestead where we now reside, being situated on lot three (3) and north half of lot four (4), in block thirteen (13), in Galva, Henry county, Illinois, she to have full power to sell all or part of said lots as she thinks best.

"*Fifth*—I hereby will to my wife, Jennie Hempstead, absolutely, all of the household goods and furniture, books, and everything therein, without accounting for it, with power to dispose of it as she thinks best. I bequeath and devise to my wife, Jennie Hempstead, during her life, the two-story brick building 40x80, situated on lots two. and three (2) and (3), in block forty-three (43), Galva, Henry county, Illinois.

"I bequeath to my wife, Jennie Hempstead, during her life, the use and control of the 160-acre farm situated on the

northeast quarter of section· fifteen (15), in township 14, range 4 of the principal meridian, Henry county, Illinois.

"I bequeath to my son, Edwin F. Hempstead, the sum of ten thousand dollars ($10,000.)

"I bequeath to my daughter Winifred Stowell, of Brookfield, Missouri, the sum of ten thousand ($10,000) dollars.

"I bequeath to my daughter Josephine M. Irish, now of Boston, Massachusetts, the sum of ten thousand dollars ($10,000), and I hereby make V. A. Wigren custodian of five thousand dollars ($5000) of this ten thousand for a period of five years without bond, and the interest on said amount to be paid to Mrs. Josephine Irish, annually, for five years.

"I bequeath to my grand-daughter, Jennie Stowell Jones, the sum of $200, and to my grandson, Guy R. Stowell, the sum of $200, and after the payment of the legacies named I give, devise and bequeath all the residue and remainder of my estate, in real and personal, in whatever it may consist, of which I may die, to my wife, Jennie Hempstead, and on her death to my three children, Edwin F. Hempstead, Winifred Stowell, Josephine M. Irish, share and share alike of the remainder, and in case any of the above named children have died, then the issue of any of said deceased child or children to take the share which said deceased one would be entitled to if living; if no issue, then to go to the children living, equal."

Under section 13 of the Conveyance act, if an estate is devised to a named person without the use of other words theretofore necessary to transfer an· estate of inheritance, such person will take a fee simple estate of inheritance, unless it appears from the will, by express words or by construction or operation of law, that a less estate than a fee is limited. (*Turner* v. *Hause,* 199 Ill. 464.) It is very apparent by the fourth clause of the testator's will that Jennie Hempstead took a fee simple title to the lands described

280 — 10

in the bill, unless the latter part of that clause, "she to have full power to sell all or part of said lots as she thinks best," must be held to have the effect of limiting her title to an estate less than a fee. The words in that clause, "homestead where we now reside," do not have the effect of limiting the estate devised to a life estate. As used in that clause they are mere words descriptive of the property devised.

After carefully considering all the provisions of the will of the testator we think it clearly appears that the testator intended to devise to his wife an estate in fee simple in the real estate described in the fourth clause of the will. There is no remainder expressly devised in the real estate to any other person named in the will, and we do not discover any intention whatever of the testator that any other person is to have any remainder in that property. It is very apparent from the provisions of the fifth clause of the will that the person who drafted the will understood how to use apt words for the creation of a life estate. In the first paragraph of the fifth clause there is a devise to the testator's wife of the two-story brick building situated on lots 2 and 3, in block 43, in Galva, "during her life." In the second paragraph of that clause the testator devises to his wife, Jennie Hempstead, "during her life, the use and control of the 160-acre farm," situated in section 15, township 14, range 4, in said county. The testator has thus made it very manifest by his will that his wife was only to have a life estate in the property containing the two-story brick building, and the farm. Had he intended to only devise a life estate in his homestead property he would undoubtedly have used language that would have clearly indicated such an intention.

The residue and remainder of testator's real estate referred to in the last paragraph of clause 5 evidently does not include the property described in the fourth clause of the will. In that paragraph he refers to such "residue and re-

mainder" as the property of which he *may die* seized, and devises to his wife a life estate in that property. It is argued by appellants that by the fourth clause of the will the widow was devised a life estate. If it be held that the last paragraph of clause 5 includes or refers to the homestead described in the fourth clause as "the residue and remainder" of the testator's real estate, then it must also be held that the testator undertook by said paragraph to devise to his wife a life estate in the remainder of his homestead property. It was not possible for the widow of the deceased to enjoy a life estate in the remainder of his homestead, or a life estate in the homestead property subject to her own life estate devised by the fourth clause. We must therefore conclude that the last paragraph of clause 5 does not have any reference to the property described in the fourth clause of the will, and that therefore there is no devise over of the homestead property in the last paragraph of clause 5. As there is no devise over in any other clause of the will, and as there is not disclosed anywhere in the will an intention to devise the homestead property to his wife for life, only, we must conclude that the devise to his wife in the fourth clause of the will is in fee simple. *Muhlke* v. *Tiedemann,* 177 Ill. 606.

The case of *Kent* v. *Morrison,* 153 Mass. 137, relied upon by appellants as an authority for their contention in this case, is not at all applicable. The case, however, of *Veeder* v. *Meader,* (Mass.) 32 N. E. Rep. 358, is on all-fours with this case in almost every particular. In said last case the Massachusetts court arrived at the same conclusion that we have in this case and points out the distinction between the facts of the two cases.

For the reasons aforesaid the decree of the circuit court is affirmed.                                    *Decree affirmed.*