THOMAS F. BOWLIN et al. Appellants, vs. ELIZA WHITE et al. Appellees.

*Opinion filed April 21, 1910.*

1. WILLS—*when devisees take a life estate under section 6 of Conveyances act.* A devise of a remainder to named persons "and the heirs of their bodies, respectively," creates, at common law, an estate in fee tail as tenants in common, but under section 6 of the Conveyances act the named persons take merely a life estate, with remainder in fee to the heirs of their respective bodies.

2. SAME—*a complete sentence must be construed as such.* A clause in a will which is one complete sentence must be read and construed as such in ascertaining the testator's intention.

APPEAL from the Circuit Court of McDonough county; the Hon. JOHN A. GRAY, Judge, presiding.

CURRAN & CURRAN, and PHILIP E. ELTING, for appellants.

IRA J. O'HARRA, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is a bill for partition filed by appellants, Thomas F. Bowlin and Elvessa Gamage. The bill alleges that the complainants are the owners in fee simple of the premises sought to be partitioned, as devisees under the last will and testament of their father, John S. Bowlin, appellant Elvessa Gamage being referred to therein as Vessa Bowlin. The bill sets out clause 8 of the will and attaches a copy of the whole will as an exhibit and makes it a part of the bill. It is alleged that John S. Bowlin died testate and seized in fee of a quarter section of land, which includes the real estate in question. In and by his last will and testament he devised to his wife a life estate in one hundred and twenty acres of the tract, and to a daughter, Louie, a life estate in the remaining forty acres. Upon the death of both his wife and the daughter Louie he devised the

west sixty acres of the quarter section to a daughter, Mary A. Campbell, and the heirs of her body. The devise to appellants is contained in the eighth clause of the will, which is as follows:

"At the death of my said wife and daughter Louie I give and devise to my son, Thomas F. Bowlin, and to my daughter Vessa Bowlin, all of said quarter section of land excepting the west sixty acres devised to my daughter Mary A. Campbell, to my said son, Thomas F., and to my said daughter Vessa, and the heirs of their bodies, respectively."

Appellants alleged further that by virtue of this devise, upon the death of the mother and their sister Louie, which occurred prior to the filing of the bill, they became the owners, as tenants in common, in fee simple, of said quarter section of land, less the west sixty acres thereof. A mortgage given by Thomas F. Bowlin on his interest had been foreclosed prior to the filing of the bill, and Eliza White held the certificate of sale. H. E. Billings was the holder of a mortgage upon the interest of Elvessa Gamage. Eliza White and Billings were made parties defendant to the bill. Subsequent to the filing of the bill Thomas F. Bowlin redeemed from the sale to Eliza White, and a supplemental bill was filed showing such redemption and a mortgage given by him to Mary E. Pennington, who was substituted as a defendant for Eliza White. The bill alleges that no one except the complainants and the defendants, H. E. Billings and Mary A. Pennington, have any interest in or title to the real estate sought to be partitioned, in possession, remainder or otherwise.

At the time of the filing of the bill appellant Thomas F. Bowlin had then living six children, all of whom were minors, and appellant Elvessa Gamage had then living three children, also minors. These children of the two appellants were, together with the mortgagees, made parties defendant both to the original and supplemental bills. A guardian *ad litem* was appointed for the minor defendants,

and he interposed a demurrer to the bill upon the ground that the will of John S. Bowlin did not devise to the complainants title in fee simple to the premises but devised to them life estates only. The court sustained the demurrer, and the complainants having elected to stand by their bill, a decree was entered dismissing the bill for want of equity, from which decree complainants appealed.

The sole question presented here is, whether appellants are possessed of the fee simple title to said premises. Appellants contend that the words in the eighth clause of the will, "at the death of my said wife and daughter Louie I give and devise to my son, Thomas F. Bowlin, and to my daughter Vessa Bowlin, all of said quarter section of land excepting the west sixty acres devised to my daughter Mary A. Campbell," constitute the complete devise and create a fee simple estate under the rule in *Shelly's case,* and that the remainder of the paragraph is wholly inoperative as imposing any limitation upon the fee simple estate devised by those words. This position is not tenable. Even if we assume, as they contend, that the remainder of the sentence or clause cannot be held to limit or qualify the estate created by the words quoted, and therefore should be ignored, it would not come within the rule in *Shelly's case,* for the reason that in that part of the clause quoted there are no words of inheritance. No words are used declaring what estate is devised. Under the common law, a devise, if made in the language just quoted, would give life estates, only, to the devisees. This rule of the common law has been abrogated by our statute, which provides that every estate in lands which shall be granted, conveyed or devised, although other words heretofore necessary to transfer an estate of inheritance be not added, shall be deemed a fee simple estate of inheritance, if a less estate be not limited by express words or does not appear to have been granted, conveyed or devised by construction or operation of law. (Hurd's Stat. 1908, chap. 30, sec. 13; *Hill* v. *Gianelli,*

221 Ill. 286.)   If that part of clause 8 last above quoted
constituted the whole of the devise to appellants, then, un-
der the statute, they would take the fee simple estate.   In
this case, however, the will limits the estate to one less than
a fee by express words.

There is no warrant for the contention of appellants
that clause 8 is separable, or that the whole of it should
not be considered to determine the intention of the testator.
The whole clause is one complete sentence and must be
read or construed as such.   So construed, it is apparent
that this clause would under the common law create in ap-
pellants estates in fee tail.   Section 6 of the act on con-
veyances provides that in cases where by the common law
any person or persons might become seized in fee tail of
any lands by virtue of any devise, such person or persons,
instead of being or becoming seized thereof in fee tail,
shall be deemed and adjudged to become seized thereof
for his or her natural life only, and the remainder shall
pass in fee simple absolute to the person or persons to
whom the estate tail would on the death of the first devi-
see first pass, according to the course of the common law,
by virtue of such devise.   Under the common law the ap-
pellants in this case would become seized of the lands in
fee tail as tenants in common, and under our statute they
are seized thereof for their natural lives only, with remain-
der in fee to the heirs of their respective bodies.   *Peterson
v. Jackson,* 196 Ill. 40.

Appellants being possessed only of life estates in the
land, and having sought to partition the fee between them,
the demurrer to the bill was properly sustained.

The decree of the circuit court dismissing the bill for
want of equity is affirmed.

                                          *Decree affirmed.*